**Matthews Law Firm**
3100 W. Ray Road, Suite 201
Chandler, AZ  85226
(480) 207-5959 phone
(480) 718-8329 fax

Kristina Sitton Matthews, #023467
E-mail: kristina@matthewslawaz.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. 2:17-cr-01301-DJH |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE TO GOVERNMENT'S NOTICE TO ADMIT OTHER ACTS EVIDENCE** |
| Elias Bermudez, | |
| Defendant. | |

Defendant Elias Bermudez, through undersigned counsel, submits the following Response to the Government's Notice to Admit Other Acts Evidence as filed on August 27, 2018. Because the evidence sought to be introduced is speculative in nature, not relevant, substantially more prejudicial than probative and speculative, thus violating the confrontation clause, it should not be admitted. The following Memorandum of Points and Authorities supports this response.

Respectfully submitted:  August 28, 2018.

By: *s/Kristina Matthews*
    Kristina Matthews
    Attorney for Defendant

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Facts

Defendant is charged with willfully assisting others in preparing false tax returns and has entered not guilty pleas to each count. The Government seeks to include summary data regarding other tax returns prepared by Defendant to show that returns prepared by Defendant exceed either both the national and local average in refunds claimed.

## II. Law and Argument

Rule 402 prohibits irrelevant evidence, that is, evidence that does not have a tendency to make a fact at issue more or less likely. Rule 403, Federal Rules of Evidence, precludes even relevant evidence if a real danger exists that the prejudicial effect substantially outweighs the probative value. Rule 404(B) allows otherwise impermissible character evidence for only limited and carefully delineated purposes. The Confrontation Clause contained in the Sixth Amendment to the United States Constitution requires a Defendant to be allowed to confront any and all witnesses against him.

A. <u>The evidence is not inextricably intertwined</u>

The Government cites *United States v. Soliman*, 813 F.2d, 277, 279 (9th Cir. 1987) for its argument that the evidence is inextricably intertwined as a single criminal transaction. However, an important distinction is apparent: in this case, the Government cannot prove that every tax return they seek to use to compare against the averages was fraudulent. In *Soliman*, as cited by the Government, the summary evidence sought to be introduced were 102 other *fraudulent* claims that had been proven to be fraudulent. The Government is seeking to introduce evidence that Mr. Bermudez's rate of refunds was higher

than average by comparing returns he prepared with other data; however, it cannot, and has not, shown that all returns he prepared that are being compared to the average were fraudulent. The Government is inviting the Court and the jury to make a conclusion that virtually tax returns prepared by Defendant were fraudulent without proof thereof. Defendant and those in his office prepared a large number of returns, likely in the thousands, over tax years 2010 - 2012. To allow a jury to hear what amounts to an opinion that most or all of them *must* have been fraudulent because the number claiming refunds was over either the national or even local average requires a jump to conclusion that is not permitted by the Rules of Evidence. With this testimony, the danger exists that a jury could conclude <u>all</u> returns prepared by Defendant had been reviewed and determined to be fraudulent, which is certainly not the case.

Interestingly, the Government does not plan to call any of the taxpayers Defendant assisted as witnesses at trial except for 1, which Defendant feels shows that the impermissible character evidence is being introduced to prove conduct in conformity therewith, which is violative of the Rules of Evidence absent an exception. This evidence would not be intertwined at all if the Government were bringing in each taxpayer to say that they informed Defendant of circumstances that would preclude the Additional Child Tax Credit. Instead, the Government is circumventing the Confrontation Clause by attempting to introduce statistics that show returns prepared by Defendant were more likely than other tax preparers to garner refunds. This Court should not allow the Government to alleviate its burden by pushing aside Defendant's right to confrontation.

    B. <u>The summary evidence fails even the most basic tests of Rules 402 and 403</u>

At a basic level, this evidence is simply irrelevant. There are many reasons why a tax preparer could have refunds higher or lower than the national or local average: clientele serviced (high income vs. low income), geographic location that could vary by state, county, city, or even the geographical area within a city, whether a person services people with a wide variety of financial (solo business owners vs. salaried employees) or personal circumstances (those with health care provided by the Affordable Care Act vs. those who work for small companies vs. those who work for large, nationwide companies). The data sought to be introduced does not account for even a small amount of these factors and does not make a fact at issue more likely. Why an investigation began or why the IRS provides refunds before verifying them has no relevance to the charges. Further, there exists a very real possibility that this data will be used to circumvent the prohibition on character evidence and whether Defendant acted in conformity therewith, making it substantially more prejudicial than probative.

## III. Conclusion

Based on the foregoing, the evidence sought to be obtained is inadmissible.

Respectfully submitted: August 28, 2018.

By: *s/Kristina Matthews*
     Kristina Matthews
     Attorney for Defendant

| | |
|---|---|
| 1 | Copy of the foregoing transmitted |
| 2 | by ECF for filing August 28, 2018, to: |
| 3 | CLERK'S OFFICE |
| 4 | United States District Court<br>Sandra Day O'Connor Courthouse |
| 5 | 401 W. Washington |
| 6 | Phoenix, Arizona 85003 |
| 7 | ANDREW STONE |
| 8 | M. BRIDGET MINDER<br>Assistant U.S. Attorneys |
| 9 | |
| 10 | |
| 11 | By: _s/ksm_____ |
| 12 | |

5