**Matthews Law Firm**
3100 W. Ray Road, Suite 201
Chandler, AZ  85226
(480) 207-5959 phone
(480) 718-8329 fax

Kristina Sitton Matthews, #023467
E-mail: kristina@matthewslawaz.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:17-cr-01301-DJH |
| Plaintiff, | |
| vs. | **MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM** |
| Elias Bermudez, | |
| Defendant. | |

      Defendant Elias Bermudez, through undersigned counsel, submits the following Motion for Downward Departure and Sentencing Memorandum in advance of his Sentencing currently set for February 20, 2019. The following Memorandum of Points and Authorities supports this request.

      Respectfully submitted:  February 12, 2019.

                    By:    *s/Kristina Matthews*
                           Kristina Matthews
                           Attorney for Defendant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     FACTS**

Defendant Elias Bermudez is charged via Indictment in this case with 27 counts of Aiding in the Preparation of False Tax Returns. Mr. Bermudez accepted a plea agreement wherein he admitted assisting others in preparing false tax returns by adding dependents who were ineligible in attempts to garner tax refunds for them. Mr. Bermudez is 68 years old and has two prior felony convictions: one from 1987 and one from 1994. Mr. Bermudez successfully completed probation in the first case and served a prison term followed by a successful term of supervised release in the second.

The probation department calculated Mr. Bermudez's offense level at a 15. Coupled with a criminal history category of I, this results in a recommended range of imprisonment of 18-24 months.

### **II.    APPLICABLE LAW**

Pursuant to 18 U.S.C. 3553(a), the Court "shall impose a sentence sufficient, but not greater than necessary" to comply with the following purposes after considering the history and characteristics of the defendant and the nature and circumstances of the offense:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant;

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In *United States v. Booker*, the United States Supreme Court decided that the Constitution mandated that the Sentencing Guidelines be advisory and subsequent decisions by the Supreme Court (*Rita*, *Gall*, and *Kimbrough*, *supra*) have made it clear that after calculating and considering the appropriate range under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in §3553 but outside the strictures of the Guidelines.

## III.   SENTENCING ARGUMENT

In this case, a probation disposition would satisfy the factors set forth in 18 U.S.C. § 3553.

### A. Nature and Circumstances of the Offense

The nature and circumstances of this offense are serious, in that the offense admitted is a felony for which the guidelines suggest a period of incarceration. However, an offense level of 15 is relatively low compared with others.

### B. History and Characteristics of the Defendant

1. Motion for Downward Departure or Variance – U.S.S.G. §5H1.1

Mr. Bermudez asks that the Court consider a downward departure or variance due to his advanced age and physical condition. As stated above, Mr. Bermudez is nearly 70 years old. He recently had to undergo surgery on his knee and struggles to walk as a result. This combination would make him particularly vulnerable in a prison population.

2. Other considerations

Mr. Bermudez also asks this Court to consider that he has had no contact with the law since his last conviction in 1994. Moreover, his successful completion of probation and supervised release in those cases

suggests that he is amenable to supervision. Undersigned counsel has assisted Mr. Bermudez in some capacity for over 2 years. During that time, he has complied with all court orders, appeared as directed, and maintained gainful employment. All of these factors prove that Mr. Bermudez is willing and able to be successfully supervised without a need for incarceration.

C. <u>Sentencing Considerations</u>

A probation sentence or a sentence that includes home detention in lieu of prison would satisfy the factors set forth in 18 U.S.C. §3553(a). Only one year of supervised release is permitted if the Court imposes a term of incarceration. Up to 5 years of supervision is available should the Court decide probation is appropriate. A longer period of probation, during which time Mr. Bermudez would have to comply or face a term of imprisonment up to 3 years, would ensure protection of the public, take into account Mr. Bermudez's age and physical condition, and provide adequate deterrence. It would also give the Court oversight into making sure Mr. Bermudez is complying with any restitution order.

## III. CONCLUSION

Based on the foregoing, Mr. Bermudez requests that this Court impose a sentence of probation rather than a term of imprisonment.

Respectfully submitted:  February 12, 2019.

By:   *s/Kristina Matthews*
          Kristina Matthews
          Attorney for Defendant

Copy of the foregoing transmitted
by ECF for filing February 12, 2019, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

ANDREW STONE
BRIDGET MINDER
Assistant U.S. Attorneys


By: _s/Kristina Matthews_____

5